```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND

ST. AUGUSTINE HIGH SCHOOL    *
et al.,                      *
                             *
          v.                 *     Civil Action WMN-08-CV-2518
                             *
UNDERWRITERS AT LLOYD'S      *
OF LONDON et al.             *

     *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Defendants Waldorf Associates and Waldorf Risk Solutions, Inc.'s Motion in Limine or, in the Alternative, To Amend Scheduling Order to Allow Further Limited Fact Discovery.  Paper No. 99.[1]  The motion is fully briefed.  Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and the Motion to Amend the Scheduling Order to Allow Further Limited Fact Discovery will be granted as set forth below.

The only remaining claim in Plaintiffs' Complaint is Count V for negligence relating to Defendants' alleged fiduciary duty in recommending and obtaining insurance for Plaintiffs.  Plaintiff St. Augustine High School is located in the City of New Orleans and its operations were halted from August 2005 until July 31, 2006, by Hurricane Katrina.  Defendants have moved this Court to prohibit Plaintiffs from introducing

---

[1] Defendants have also moved for a hearing on this motion.  Paper No. 109.  As the Court has determined that no hearing is necessary, Defendants' motion will be denied.

1

evidence of damages occurring after July 31, 2006, or in the alternative, to reopen discovery on a limited basis to conduct additional discovery relating to damages after that date.

Fact discovery in this case closed on July 29, 2009. Plaintiffs' expert report was provided to Defendants on August 27, 2009, and Plaintiffs' rebuttal expert report was provided on October 29, 2009. Defendants claim that during fact discovery they understood that Plaintiffs were seeking damages relating to a failure to recommend time element coverage for St. Augustine's loss of income while it was not operational from August 2005 to July 31, 2006. Plaintiffs' expert report, however, included alleged damages that arose from the failure to recommend an extended period of indemnity. According to the report, the extended period of indemnity would cover a reduction in income following St. Augustine's return to operations during the period August 1, 2006, to July 31, 2007. Defendants argue that Plaintiffs should either be prohibited from introducing evidence of damages from this later period or discovery should be reopened for the limited purpose of exploring these later damages claims because: 1) Plaintiffs failed to identify during fact discovery that they intended to claim damages under an extended period of indemnity; and 2) certain of the documents upon which these later damage calculations rely were not produced until after the close of discovery.

Defendants argue that Plaintiffs' responses to their interrogatories not only failed to clarify that they would be claiming damages for losses after July 31, 2009, under an extended period of indemnity, but that they directed Defendants to that understanding.  First, Defendants asked Plaintiffs to specify damages claimed.  Plaintiffs responded that they were working on the damages calculation for the failure to obtain business income coverage before Hurricane Katrina, but they believed that damages would be in excess of $1 million.  Second, Defendants asked Plaintiffs to identify "each specific type of loss that would have been covered by time element coverage that constitutes damages alleged in Count V of the Complaint." Plaintiffs answered that "time element coverage indemnifies for loss of income when business operations are interrupted, curtailed, or suspended as a result of an insured peril.  The exact type of time element losses for which indemnity is provided are set forth in the applicable policy forms.  See, e.g. the 2005 Lloyd's Policy."  Defendants contend that Plaintiffs' description of time element coverage indicated that they would only be seeking damages for the period in which St. Augustine's was not operational prior to August 1, 2006. Moreover, when asked to identify all documents supporting Plaintiffs' loss claim, Plaintiffs referred Defendants to the documents that would be produced in discovery, which were

conflicting as to whether an extended period of indemnity would be available.

Defendants claim that Plaintiffs' presentation of damages at the parties' mediation confirmed their understanding that the damages calculation would be based only on losses prior to August 1, 2006. Plaintiffs' presentation included a damage study showing net lost business income for the year ending July 31, 2006, of $1,859,314. The Lloyd's policy referred to in Plaintiffs' interrogatory answer, however, provided for an extended period of indemnity of 180 days after the insured's property was restored, and had a sublimit for business interruption of $1 million. According to Defendants, if Plaintiffs' presentation provided an indication of their damages, the extended period of indemnity available under the 2005 Lloyd's policy would not have been available to Plaintiffs because the business interruption sublimit would have been exhausted. Furthermore, Plaintiffs never indicated that they would be reformulating their pre-August 1, 2006 damages calculation to below the $1 million sublimit in order to claim a far more substantial loss after that period. Finally, Defendants claim that no other policy provided by Plaintiffs provided for an extended period of indemnity.

Further inhibiting Defendants' understanding as to the periods of damages at issue is that when asked to produce a Rule

36(b)(6) fact witness on damages, Plaintiffs stated that the amount of the loss would be the subject of expert testimony and the facts upon which the expert relied would be the subject of expert disclosures and the expert's deposition. Defendants argue that, based on Plaintiffs' cumulative statements, only after receiving Plaintiffs' expert's report could they have known of the need to obtain evidence from fact witnesses relating to the extended period of indemnity.

Plaintiffs respond that Defendants' motion is a thinly veiled attempt to remedy their failure to compel new responses to their interrogatories within 30 days as required by Local Rule 104.8. Plaintiffs' argument is that, because Defendants never objected to Plaintiffs' response to their interrogatory that damages calculations would be provided as part of expert discovery, they should not be able to re-open discovery now. Moreover, Plaintiffs contend that at the very least Defendants knew as of August 27, 2009, the damages would include an extended indemnity period beginning August 1, 2006. As such, Plaintiffs contend that under Local Rule 104.8 Defendants should have filed a motion to compel within 30 days of that knowledge. Instead, Defendants waited until expert disclosures were made and expert depositions taken. Thus, according to Plaintiffs, Defendants made a strategic decision to wait and are now asking

5

the Court to relieve them from alleged burdens resulting from that decision, which the local rule does not allow.

Plaintiffs also argue that Defendants fail to show good cause for re-opening discovery as required by Rule 16(b) of the Federal Rules of Civil Procedure and the Second Amended Scheduling Order issued by this Court.  Rather, Plaintiffs argue that Defendants' failure to object to their interrogatory responses and failure to ask fact witnesses about the extended period of indemnity reflect a lack of diligence in their discovery efforts, which does not create good cause.

Plaintiffs argue that they put Defendants on notice regarding their right to seek damages for the period beginning August 1, 2006 because the 2005 Lloyd's policy referred to in their interrogatory answer provided an extended period of indemnity coverage of 180 days.  Plaintiffs contend that they also produced a time element endorsement providing for an extended period of indemnity.

Despite such notice, however, Plaintiffs claim that, while Defendants deposed two non-party witnesses knowledgeable about these documents, they failed to ask about the availability of extended business interruption coverage pre-Katrina.  Moreover, Plaintiffs argue that Defendants could have asked regarding St. Augustine's damages when they deposed the heads of St. Augustine and the Josephites and the Josephites' treasurer.  Thus,

6

according to Plaintiffs, Defendants already had a full opportunity to take fact discovery.  Plaintiffs contend that Defendants' failure to diligently pursue all possible theories of available damages does not now permit them to re-open long closed discovery.

Defendants counter that compelling disclosure would have been premature and futile.  Plaintiffs represented that the damages were not yet calculated in their interrogatory responses during fact discovery.  In addition, the financial information relevant to Plaintiffs' alleged business interruption loss for the period following July 31, 2006, was unavailable until August 2009 and Plaintiffs only produced it after the close of fact discovery.  Plaintiff St. Augustine also produced unredacted versions of previously produced redacted documents relevant to its damages claims after the initial expert report.  Defendants contend that Plaintiffs produced these unredacted documents well after the time that Defendants could have taken oral discovery on those documents only so that they could be incorporated in the rebuttal expert report.

Defendants stated that what Plaintiffs construe as satisfaction with Plaintiffs' discovery responses due to their not filing motions to compel was simply an acceptance of Plaintiffs' responses in good faith as full and fair.  The majority of damages disclosed after the close of fact discovery,

however, were of a completely different character than the damages previously disclosed. As a result, Defendants argue that evidence of these damages should either be prohibited at trial or discovery should be reopened in order to explore the facts underlying those damages.

This Court concludes that Defendants have shown good cause pursuant to Rule 16(b) and this Court's Scheduling Order for reopening discovery for the limited purpose of conducting discovery relating to damages suffered on or after August 1, 2006. In particular, Defendants were diligent in requesting information to determine Plaintiffs' alleged damages and the theories upon which those damages were based. Based upon Plaintiffs' discovery responses and their failure to produce certain relevant documents until after the close of fact discovery, Defendants' understanding as to the period of the damages prior to the close of fact discovery was reasonable. Moreover, as the trial has yet to be scheduled in this case, the Court does not believe that additional limited discovery will be prejudicial to the parties.

## IV.  Conclusion

For the foregoing reasons, the Court will grant Defendants' motion to reopen discovery for the limited purpose of exploring Plaintiffs' damages claims for the period starting on August 1, 2006. The Court will grant an additional 60 days from the date

of this order to conduct discovery on the following topics: 1) whether Plaintiffs incurred alleged damages on or after August 1, 2006; 2) the extent to which Plaintiffs incurred such damages; and 3) the extent to which such damages could or would have been covered by business interruption coverage.  The Court expects that the parties will work together to narrowly tailor the additional discovery to limit the number of additional depositions and requests for additional documents such that discovery will be completed within that 60 day period. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

January 20, 2010