```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

```
ST. AUGUSTINE HIGH SCHOOL    *
et al.                       *
                             *
          v.                 *     Civil Action WMN-08-CV-2518
                             *
UNDERWITERS AT LLOYD'S OF    *
LONDON, et al.               *
                             *

     *    *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

Before the Court is Defendants Waldorf & Associates and Waldorf Risk Solutions (Waldorf Defendants or Defendants) Motion for Partial Summary Judgment. Paper No. 92. The motion is fully briefed. Upon review of the pleadings and the applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6) and that the motion for partial summary judgment will be denied as set forth below.

**I.   BACKGROUND**

The sole remaining count in Plaintiffs' Complaint is Count V for negligence based on the Waldorf Defendants alleged failure to recommend the purchase of business interruption insurance by the Plaintiffs prior to Hurricane Katrina in August 2005. The Waldorf Defendants bring this motion for partial summary judgment asking that the Court enter judgment in their favor as to a) all claims of Plaintiff the Saint Joseph's Society of the

Sacred Heart, Inc. (St. Joseph's Society) and b) all claims against Defendant Waldorf Risk Solutions LLC (Waldorf Risk Solutions).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the evidence before the court, consisting of the pleadings, depositions, answers to interrogatories, and admissions of record, establishes that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's case which it believes demonstrate the absence of a genuine issue of material fact.  Id. at 323.  The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126 (4th Cir. 1987).

If the movant demonstrates that there is no genuine issue of material fact and that the movant is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence in the form of depositions, affidavits, or other documentation which demonstrates that a triable issue of fact exists for trial.  Celotex, 477 U.S. at 324.  Unsupported

speculation is insufficient to defeat a motion for summary judgment. Felty, 818 F.2d at 1128 (citing Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir. 1986)). Furthermore, the mere existence of some factual dispute is insufficient to defeat a motion for summary judgment; there must be a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Thus, only disputes over those facts that might affect the outcome of the case under the governing law are considered to be "material." Id.

Finally, in assessing such a motion, the Court must view the evidence and all justifiable inferences in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654 (1962) (per curiam).

**III. DISCUSSION**

**A.   Claims By St. Joseph's Society Under Count V**

The Waldorf Defendants contend that Plaintiffs have no evidence that St. Joseph's Society has any damages as required to establish a negligence claim.[1] To substantiate their argument they provide deposition testimony from Father Edward J. Chiffriller, the Superior General who directs all activities of

---

[1] In order to establish a negligence claim, the Plaintiff must prove four elements: 1) a duty owed to him; 2) a breach of that duty; 3) a legally cognizable relationship between that duty and the harm suffered; and 4) damages. Jacques v. First Nat. Bank of Maryland, 515 A.2d 756, 758 (Md. 1986).

3

St. Joseph's Society; and Father Nelson Moreira, the Treasurer of St. Joseph's Society who handled the financial side of the Society.  First, Father Chiffriller stated that St. Joseph's Society suffered its losses as the owner and operator of St. Augustine.  Father Moreira stated that the loss to St. Joseph's Society came from the fact that it had to loan money to St. Augustine following Hurricane Katrina as a result of St. Augustine not having business interruption coverage. Father Moreira stated that by having to loan money to St. Augustine's, St. Joseph's Society lost investment income.

The Waldorf Defendants contend that neither of these manners of suffering "loss" creates damages sufficient to establish a negligence claim.  In the first instance, because St. Joseph's Society and St. Augustine are separate corporate entities, St. Joseph's Society cannot be said to have damages simply because it is the owner/operator of St. Augustine.  In the second instance, because St. Joseph's Society could have chosen to charge St. Augustine interest on the loan, but did not, the lack of insurance is not the reason for St. Joseph Society's loss.

Not surprisingly, Plaintiffs disagree with Defendants' assessment and argue that St. Joseph's Society is a proper Plaintiff in this case both because of its role as owner and operator of St. Augustine and because it was a named assured on

4

the insurance policies at issue. In particular, St. Augustine's bylaws identify the St. Joseph's Society's General Council as the Board of Trustees of St. Augustine, which is responsible for St. Augustine's finances, including purchasing property and borrowing money.  Plaintiffs also presented evidence that St. Joseph's Society owns all the assets of St. Augustine.  As the entity responsible for St. Augustine's operations, St. Joseph's Society argues that when it lent St. Augustine money it was, in essence, lending the money to itself, not like a bank, so any loss of investment income is a cognizable loss.

Moreover, St. Joseph's Society purchased the insurance for St. Augustine High School prior to Hurricane Katrina and was a named insured on the insurance policy at issue in this case. Thus, it would have been entitled to any insurance payments on that policy.  According to St. Joseph's Society, it and St. Augustine would have determined together how those payments were to be distributed and used.

The Waldorf Defendants argue in reply that under Maryland law where a policy insuring loss to property names multiple assureds, each assured can only recover for the loss sustained by that insured, according to his interest.  The Defendants insinuate through this argument that, because the actual income loss was suffered by St. Augustine's, St. Joseph's Society would not have been entitled to any of the insurance proceeds.  The

5

Waldorf Defendants' insinuation is misleading, however, because St. Augustine's may still have an interest in the loss even if the loss did not specifically befall it.  For example, in Rent-A-Car Co. v. Globe & Rutgers Fire Ins. Co., a case cited by Defendants, the Defendant insurance company issued an insurance policy providing fire coverage for a car rental company.  148 A. 252, 253 (Md. 1930).  The policy named both the mortgagor, the rental car company; and the mortgagee, the seller of the rental car company, as assureds.  Id.  The mortgagor intentionally set fire to the mortgaged cars resulting in $5,275 in damages.  Id. at 254.  Because of the mortgagor's fraud, it was not entitled to collect under the insurance policy.  Id. at 256.  The Court found, however, that the mortgagee could collect the damages, but only to the extent of its interest in those damages, which was based on the amount of debt outstanding on the mortgage. Id. at 256-58.  Here, similarly, the Court cannot conclude at this time that St. Joseph's Society had no interest in St. Augustine's loss and would not have been entitled to any of the insurance proceeds.

   Drawing all reasonable inferences in favor of St. Joseph's Society, the Court finds that the Waldorf Defendants have not established that there is no genuine issue of material fact relating to damages to St. Joseph's Society that would require judgment for Defendants as to its claims.  Whether St. Joseph's

Society could be found to have damages as a result of its ownership and operational responsibility for St. Augustine, its loss of investment income, or as one of the named assureds on the insurance policy is a question of fact best left to a jury. Therefore, the Waldorf Defendants' motion for judgment in its favor as to the claims of Plaintiff St. Joseph Society will be denied.

**B.   Claims Against Waldorf Risk Solutions Under Count V**

The Waldorf Defendants have also moved for partial summary judgment in favor of Defendant Waldorf Risk Solutions LLC as to Count V.  The Waldorf Defendants claim that business interruption insurance is a form of property insurance and that Waldorf Risk Solutions had no involvement in the placement of property insurance for St. Augustine prior to Hurricane Katrina in August 2005.  Instead, they argue that only Defendant Waldorf & Associates acted as a broker for St. Augustine's property insurance during that time frame.  As such, they claim that Waldorf Risk Solutions cannot show that Plaintiffs had any agency or contractual relationship sufficient for their negligence claim.

The Court finds, however, that the evidence as to which Waldorf Defendant potentially had a duty to St. Joseph's Society and St. Augustine relating to the obtaining of business interruption insurance is not clear.  The evidence shows that

7

Waldorf Risk Solutions provided insurance on behalf of St. Joseph's Society and St. Augustine, including at least one property insurance policy for boiler and machinery coverage. Moreover, the evidence shows that in their dealings with the Waldorf Defendants, the individuals with whom Plaintiffs interacted were involved in both companies and which specific company they were representing during any given interaction was not clear.  For example, William Waldorf represented in his affidavit that he is an officer and director of Waldorf Risk Solutions and a partner of Waldorf & Associates.  Christopher Waldorf testified in his deposition that "the Waldorf agencies look to fulfill the insurance needs of the Josephites" and never clarified the specific responsibilities of each Waldorf agency in fulfilling the Plaintiffs' insurance needs.  Finally, in his affidavit, Father Moreira, who was responsible for obtaining insurance coverage for St. Joseph's Society, testified that while he dealt with various Waldorf individuals, Christopher Waldorf, William Waldorf and Stephen Waldorf, these individuals did not indicate which specific entity they were representing at any given time.  Thus, the question of which specific entity would have been responsible for advising Plaintiffs regarding business interruption insurance is unclear and must be left for the jury.

**IV.   CONCLUSION**

    For the foregoing reasons, Defendants Waldorf & Associates and Waldorf Risk Solutions Motion for Partial Summary Judgment will be denied.  A separate order will issue.

                                        _____/s/_____
                                        William M. Nickerson
                                        Senior United States District Judge

January 27, 2010